IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSHUA GALLOWAY,

    Plaintiff,

v.                                                Civil Action No. 3:12CV326

ARAMARK, et al.,

    Defendants.

**MEMORANDUM OPINION**

Joshua Galloway, a Virginia inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citation omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Galloway alleges Defendants Aramark, "Pam (last name unknown)," and Officer T. Neals violated his Eighth Amendment rights. Galloway contends that:
> On the following days April [First, Seventh], twice on the [Eighth,] and the [Twenty-Third,] Pam on behalf of Aramark denied me a meal. She refused to correct my diet. Pam and Aramark therefore violated my [Eighth] Amendment [rights]. Not feeding me the proper diet or period is cruel and unusual punishment.
> On April [Seventh and Eighth] Officer T. Neals took my tray to correct it as he claimed and knowingly disregarded his duty to deliver me a meal not once nor twice but three times. And I have proof and witnesses that T. Neals never even turned at least one of the trays back into the kitchen. He also knowingly violated my [Eighth] Amendment [rights], by using cruel and unusual punishment.

(Compl. 5 (capitalization corrected).) Galloway seeks $1,500,000.00 in damages. (Id. at 6.)

3

## Analysis

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific

4

risk of harm confronting the inmate." <u>Quinones</u>, 145 F.3d at 168 (citing <u>Farmer</u>, 511 U.S. at 837); <u>see</u> <u>Rich v. Bruce</u>, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" <u>Parrish ex rel. Lee v. Cleveland</u>, 372 F.3d 294, 303 (4th Cir. 2004) (quoting <u>Rich</u>, 129 F.3d at 340 n.2).

Galloway fails to satisfy either the objective or subjective component of his Eighth Amendment claim. "Allegations of inadequate food for human nutritional needs . . . [may be] sufficient to state a cognizable constitutional claim, so long as the deprivation is serious. . . ." <u>King v. Lewis</u>, 358 F. App'x 459, 460 (4th Cir. 2009) (citation omitted) (citing <u>Wilson</u>, 501 U.S. at 294). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the deprivation of food." <u>Lockamy v. Rodriguez</u>, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted) (finding deprivation of six meals in fifty-four hour period insufficient to state a claim absent allegation of injury as a result of missing meals); <u>see also</u> <u>Berry v. Brady</u>, 192 F.3d 504, 506-08 (5th Cir. 1999) (finding deprivation of eight meals over seven-month period insufficient to state an Eighth Amendment claim because no specific allegations of physical harm). Here, Galloway's general conclusory allegations fail to sufficiently indicate the seriousness of the deprivation.

Moreover, Galloway fails to allege that he sustained any injury, much less a serious or significant physical or emotional injury, from receiving improper food trays. <u>See</u> <u>De'Lonta</u>, 330 F.3d at 634 (quoting <u>Strickler</u>, 989 F.2d at 1381). Galloway merely states that not feeding him the proper diet is cruel and unusual punishment. (Compl. 5.) Given that deficiency, Galloway fails to adequately allege an Eighth Amendment violation.

Galloway also fails to allege facts that indicate that Defendants Aramark, "Pam," or Officer T. Neals knew of and disregarded an excessive risk to Galloway's health. <u>See</u> <u>Farmer</u>, 511 U.S. at 837. Galloway's vague allegations fall short of permitting

5

> the conclusion that his complaints placed Defendants on sufficient notice of an excessive risk to Galloway's health or safety. See Parrish, 372 F.3d at 303; Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). As such, Galloway's vague factual allegations against Defendants Aramark, "Pam," and Officer T. Neals, fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 683) (some internal quotation marks omitted). Thus, Galloway fails to state a claim upon which relief can be granted. Accordingly, it is RECOMMENDED that the action be DISMISSED.

(July 2, 2013 Report and Recommendation (alterations and omission in original).) The Court advised Galloway that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Galloway filed a document he refers to as "MY OBJECTION AND AMENDED COMPLAINT" (ECF No. 15, at 2), which, in substance, is neither.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

6

to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

### III. GALLOWAY'S OBJECTION

Galloway's "OBJECTION AND AMENDED COMPLAINT" fails to direct the Court to any specific error in the Report and Recommendation. Galloway first provides that he experienced "SERVERE [SIC] HUNGER PAINS IN MY STOMACH WHICH IS PHYSICAL AS WELL AS A MENTEL [SIC] HARM . . . ." (Obj. 1.) Galloway then cites to purported errors in the "DEFENDANT[']s ATTORNEY[']S RESPONSE." (Id.) Defendants never filed a response to Galloway's Complaint because the Complaint was before the Court for initial screening. The Court will construe Galloway's citations to the "RESPONSE" as citations to the Report and Recommendation.

Galloway's new allegations are inherently inconsistent. Galloway states that the Report and Recommendation, which addressed Galloway's complaint that Defendants served him one

7

improper meal on April 1, 7, and 23, and two improper meals on April 8, "OMITS THE FACT THAT I ON THE DAYS STATED WAS NOT FED AT ALL[.] THIS IS ABOUT AN EMPLOYEE OF ARAMARK NOT FEEDING ME NOT ABOUT INADEQUATE FOOD." In another new and contradictory allegation, he claims that Defendants denied him food for "WEEKS (NO MORE THAN A MONTH) WHERE FOR THE MOST PART I WAS REFUSED FOOD." (Id.) Later, he states that "PAM DENIED ME SEVERAL MEALS . . . ." (Id.) Even considering these new inconsistent allegations that Galloway attempts to spackle to his Complaint, he fails to allege an Eighth Amendment claim.

First, Galloway fails to allege that he sustained any injury, much less a serious or significant physical or emotional injury, from receiving improper food trays. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). Galloway neither alleges that he lost weight or that he has suffered other adverse physical effects, nor has he has alleged a substantial risk to his health. See Lockamy v. Rodriguez, 402 F. App'x 950, 951 (5th Cir. 2010) (citing Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999)). At most, he newly alleges that he experienced severe hunger pains. (Objs. 1.) Galloway's bare allegations of hunger pain fail to allege the requisite level of seriousness for an Eighth Amendment claim. See Lowery v. Bennett, 492 F. App'x 405, 411 (4th Cir. 2012) (holding bare allegations of suffering pain failed to establish requisite

8

level of seriousness); Lockamy, 402 F. App'x at 951 (finding claim insufficient where the plaintiff "had not alleged specific physical harm, other than hunger pains." (citing Berry, 192 F.3d at 508)). Given that deficiency, Galloway fails to adequately allege an Eighth Amendment violation.

Galloway also fails to allege facts that indicate that Defendants Aramark, "Pam" an employee for Aramark, or Officer T. Neals knew of and disregarded an excessive risk to Galloway's health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Galloway's new vague allegations that Pam "KNEW THAT IF SHE DIDN[']T FEED THE INMATE POPULATION THEY WOULD NOT EAT" (Objs. 1), and Officer Neals "KNEW . . . HE WAS SUPPOSE[D] TO MAKE SURE THAT EVERYONE RECEIVED THE TRAYS . . ." (id.), fall short of permitting the conclusion that his complaints placed Defendants on sufficient notice of an excessive risk to Galloway's health or safety. See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (citation omitted); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Galloway fails to allege sufficient facts to plausibly suggest that Defendants actually perceived that Galloway faced a substantial risk of serious harm from receiving improper meals.

## IV. CONCLUSION

Galloway's objections will be overruled. The Report and Recommendation will be accepted and adopted. Galloway's claims and the action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Galloway.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: April 10, 2014
Richmond, Virginia